**CALIFORNIA CONSUMER ATTORNEYS, P.C.**
Michael H. Rosenstein (SBN 169091)
mhr@calattorneys.com
Sepehr Daghighian (SBN 239349)
sd@calattorneys.com
Michael William Oppenheim (SBN 331956)
mwo@calattorneys.com
10866 Wilshire Blvd, Suite 1200
Los Angeles, CA 90024
Telephone: (310) 872-2600
Facsimile: (310) 730-7377
Attorneys for Plaintiff,
**HASHMATULLAH RAHMATI**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASHMATULLAH RAHMATI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: <u>2:23-cv-00254-MCE-CKD</u><br><br>Magistrate Judge: Carolyn K. DeLaney<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT BMW OF NORTH AMERICA, LLC AND ITS COUNSEL; MEMORANDUM IN SUPPORT OF MOTION**<br><br>[Filed concurrently with Declaration of Sepehr Daghighian, and [Proposed] Order]<br><br>Hearing Date: June 26, 2024<br>Hearing Time: 10:00 a.m.<br>Courtroom: 24<br><br>Date Filed: February 9, 2023<br>Trial Date: Not Set |

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1

II. STATEMENT OF FACTS .....................................................................................2

    A. Plaintiff Timely and Properly Served Defendant's .............................2

    B. Plaintiff Filed a Motion to Compel, and the Court Ordered BMW to Produce Responses to Plaintiff's Interrogatories and Requests for Production. ...........................................................................................2

III. ARGUMENT..........................................................................................................4

    A. Sanctions are Appropriate Because There is No Substantial Justification for BMW's Abuse of the Discovery Process. ..................4

    B. The *Malone* Factors Weigh in Favor of the Entry of BMW's Default. ................................................................................................6

    C. Entry of Default is Necessary due to BMW's Willful Misconduct ......9

IV. CONCLUSION ....................................................................................................10

# TABLE OF AUTHORITIES

*Cases*

*Adriana Int'l Corp. v. Thoeren*,
  913 F.2d 1406 (9th Cir. 1990)...................................................................................6

*Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*),
  460 F.3d 1217 (9th Cir. 2006)...................................................................................6

*CIA Petrolera Caribe, Inc. v. ABBA Service Center*,
  1987, 116 F.R.D. 90................................................................................................10

*Davis v. Fendler*,
  1981, 650 F.2d 1154..................................................................................................9

*EBI Securities Corp., Inc. v. Hamouth*,
  2004, 219 F.R.D. 642................................................................................................9

*Halas v. Consumer Services, Inc.*,
  1994, 16 F.3d 161......................................................................................................6

*Hall v. Leon County Bldg. Supply Co., Inc.*,
  1979, 84 F.R.D. 372..................................................................................................9

*Malone v. U.S. Postal Serv.*,
  833 F.2d 128 (9th Cir. 1987).............................................................................6, 7, 8

*Marquis Theatre Corp. v. Condado Mini Cinema*,
  1988, 846 F.2d 86, rehearing denied.........................................................................5

*Pauley v. United Operating Co.*,
  1985, 606 F.Supp. 520...............................................................................................9

*Sigliano v. Mendoza*,
  642 F.2d 309 (9th Cir. 1981).....................................................................................6

*Southern States Rack And Fixture, Inc. v. Sherwin-Williams Co.*,
  2003, 318 F.3d 592....................................................................................................5

*T.E. Quinn Truck Lines, Ltd. v. Boyd, Weir & Sewell, Inc.*,
  1981, 91 F.R.D. 176..................................................................................................9

*Transamerica Life Ins. Co. v. Arutyunyan*,
  93 F.4th 1136 (9th Cir. 2024)................................................................................7, 8

*United States v. Sumitomo Marine & Fire Ins. Co.*,
  617 F.2d 1365 (9th Cir. 1980)...................................................................................6

*Rules*

Federal Rules of Civil Procedure, Rule 33 ..........................................................2, 6

Federal Rules of Civil Procedure, Rule 34 ..........................................................2, 6

Federal Rules of Civil Procedure, Rule 36 ............................................................2, 6

Federal Rules of Civil Procedure, Rule 37 ............................................................4, 5

Local Rule 251 ................................................................................................................2

PLAINTIFF'S MOTION FOR ENTRY OF DEFENDANT BMW'S DEFAULT

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 13, 2024, at 10:00 a.m., or as soon thereafter as could be heard, in Courtroom 7 of the United States District Court, Eastern District of California , Robert T. Matsui Federal Courthouse, located at the 501 I Street, Sacramento, California 95814, Plaintiff Hashmatullah Rahmati will and hereby does move this Court for an entry of default against Defendant BMW of North America, LLC ("BMW" or "Defendant") for BMW's open defiance of this Court's orders.

Presently, BMW remains in open defiance of a court order by the Court's order requiring Defendant to provide amended and supplemental responses to Plaintiff's Interrogatories, Requests for admissions and Requests for Production.  Plaintiff's Motion for Entry of Default and Request for Additional Monetary Sanctions is based upon:

(1) BMW's refusal to produce Supplemental Verified Responses, without objections, to Interrogatories 1 through 11, despite this Court's February 29, 2024, order compelling BMW to do so, in violation of Federal Rule of Civil Procedure, Rule 33; and

(2) BMW's failure to produce amended responses and supplemental document production, without objections, for Requests for Production 9, 16 through 23 and 27 through 41, despite this Court's February 29, 2024, order compelling BMW to do so, in violation of Federal Rule of Civil Procedure, Rule 34.  BMW has demonstrated repeatedly that it operates in open defiance of the Federal Rules of Civil Procedure and this Court's Orders.

BMW's willful and flagrant violations of the Court's orders warrants the imposition of an entry of default, including an order striking BMW's Answer and rendering a judgment of default, against BMW, and in favor of Plaintiff, as to all remaining causes of action. Plaintiff accordingly proceeds under Federal Rule of Civil Procedure, Rule 37.

Prior to bringing this motion, Plaintiff's counsel made substantial efforts to meet and confer with defense counsel in good faith, in order to avoid the need for this motion. However, because BMW has refused to comply with its discovery obligations, Plaintiff is forced to file this Motion.

This motion is based upon the Memorandum of Points and Authorities attached hereto, the Declaration of Sepehr Daghighian in Support of the Motion and supporting exhibits filed herewith, the records on file in this action, and upon such evidence, oral and documentary, which may be presented at the hearing on this matter.

Dated: May 13, 2024            **CALIFORNIA CONSUMER ATTORNEYS, P.C.**

         /s/ *Sepehr Daghighian*
Michael H. Rosenstein, Esq.
Sepehr Daghighian, Esq.
Michael William Oppenheim, Esq.
Attorneys for Plaintiff,
**HASHMATULLAH RAHMATI**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Hashmatullah Rahmati ("Plaintiff") seeks an entry of default against Defendant BMW of North America, LLC ("BMW" or "Defendant") based in its failure to comply with this Court's February 29, 2024, Order regarding discovery in this action. Plaintiff filed this "Lemon Law" lawsuit on February 9, 2023, seeking redress against for BMW's failure to conform Plaintiff's vehicle, a used 2019 BMW X7 purchased on September 29, 2019, ("Subject Vehicle") but plagued with engine issues, engine electronics problems, electrical systems defects, suspension defects, brake issues, HVAC issues, "All Systems" defects, recalls, etc., to warranty in a timely and reasonable manner, and for BMW's failure to comply with its obligations under the Song-Beverly Consumer Warranty Protection Act. (Declaration of Sepehr Daghighian ("SD Decl."), ¶¶ 3-7; **Exh. A** (the "Complaint").

BMW failed to comply with its discovery obligations under the Federal Rules of Civil Procedure, requiring a motion to compel. Now, BMW demonstrates that it will defy – not only the Rules – but this Court's direct orders as well. Thus, Plaintiff brings this Motion for Entry of Default (this "Motion"). BMW has engaged in a deliberate pattern of misuse of the discovery process. Most egregiously, BMW refuses to comply with the court's February 29, 2024, order granting Plaintiff's Motion to Compel Further Discovery Responses and ordering BMW to produce documents and responses to interrogatories.

This pattern of misuse and abuse evidence BMW's ongoing, willful disregard, both for Plaintiff's right to discovery and this Court's direct and unambiguous orders. Given the totality of the circumstances, the only adequate sanction is a is entry of default in favor of Plaintiff, as set forth in Federal Rule of Civil Procedure, Rule 37, striking BMW's Answer to Plaintiff's Complaint and rendering a judgment by default ruling in favor of Plaintiff as to all remaining causes of action.

/ / /

## II. STATEMENT OF FACTS

### A. Plaintiff Timely and Properly Served Defendant's .

In order to prepare this matter for trial, Plaintiff timely and properly served interrogatories, requests for production and requests for admission on May 16, 2023. These discovery requests sought information in BMW's custody and control concerning the elements of each of Plaintiff's causes of action, as well as Defendant's denials and affirmative defenses, including information regarding nonconformities affecting the Subject Vehicle in particular, and 2019 model year BMW X7 vehicles generally. (SD Decl., ¶ 8; **Exh. B**) Fed. R. Civ. P. 33, 34 and 36. The discovery requests at issue are expected to elicit information that is critical to Plaintiff's case and necessary to prepare this matter for trial. After failing to provide responses in accordance with the Rules of Civil Procedure, and following significant meet and confer efforts, BMW provided untimely and unverified responses on August 1, 2023; however, many of them were not compliant with the Federal Rules of Civil Procedure and several responses consisted of improper boilerplate objections. Objections that had been waived by Defendant's failure to timely respond to discovery. (*Id.*, ¶ 9, **Exh. C.**)

### B. Plaintiff Filed a Motion to Compel, and the Court Ordered BMW to Produce Responses to Plaintiff's Interrogatories and Requests for Production.

Having heard nothing further from BMW regarding its deficient discovery responses, Plaintiff's counsel sent letters and conducted telephonic conference to meet and confer with Defendant's counsel. Plaintiff's counsel's initial meet and confer letter was sent on June 20, 2023, wherein Plaintiff informed Defendant that it had failed to timely respond to discovery. (SD Decl., ¶ 10; **Exh. D**) Plaintiff's counsel sent a second letter regarding the same issue on July 9, 2023. (SD Decl., ¶ 11; **Exh. E**) On July 26, 2023, Plaintiff filed their first motion to compel discovery responses. Pursuant to Local Rule 251, the Court requires the Parties to submit a Joint Statement

re: Discovery Disagreement in lieu of a motion; however, Defendant failed to participate in drafting a joint statement. (SD Decl., ¶ 12)

On August 1, 2023, Defendant provided untimely and unverified discovery responses. (SD Decl., ¶ 9 and 13; **Exh. C**). Many of Defendant's responses were not compliant with the Federal Rules of Civil Procedure and several responses consisted entirely of improper boilerplate objections. (SD Decl., ¶ 13) Due to Defendant's late service of responses, on August 29, 2023, the Court denied Plaintiff's motion on procedural grounds and ordered the parties to meet and confer further about outstanding discovery issues. (SD Decl., ¶ 14; **Exh. F**)

Thereafter, on September 14, 2023, counsel for the Parties met and conferred via telephone regarding Defendant's discovery obligations. (SD Decl., ¶ 15). During the conference, counsel for BMW agreed that BMW would supplement its discovery response. (*Id.*). Plaintiff received no such responses. (*Id.*). Plaintiff attempted to meet and confer once again, sending a letter on October 2, 2023. (SD Decl., ¶ 16; **Exh. G**)

On November 17, 2023, after Defendant continued to avoid participating in discovery, Plaintiff filed their second motion to compel. (SD Decl., ¶ 17). By its own order, on November 29, 2023, the Court set the motion for hearing on January 17, 2024. (SD Decl., ¶ 18; **Exh. H**)

Then, on January 12, 2024, the Court issued another order, noting that, once again, Defendant had failed to oppose Plaintiff's discovery motion, and failed to cooperate in submitting a Joint Statement re: Discovery Disagreement pursuant to the Local Rules. (SD Decl., ¶ 19; **Exh. I**) The Court continued the hearing on Plaintiff's motion to compel to February 28, 2024, and ordered the parties to meet and confer in good faith and submit a Joint Statement no later than February 14, 2024. (*Id.*).

A hearing on Plaintiff's second motion to compel was heard on February 28, 2024, and, the following day, the Court issued an order directing Defendant to supplement its discovery responses. (SD Decl., ¶ 20; **Exh. J**)

Defendant failed to supplement its discovery in accordance with the Court's

order. As a result, Plaintiff once again attempted to meet and confer with Defendant. (SD Decl., ¶ 21). Plaintiff sent a meet and confer letter on March 26, 2024, and met with Defendant's counsel telephonically on March 29, 2024. (SD Decl., ¶ 22; **Exh. K**). Despite Defendant's promises to provide a response to Plaintiff's discovery concerns, Defendant has failed to properly comply with the Court's order. (SD Decl., ¶ 23).

To date, BMW remains openly defiant, refusing Plaintiff this necessary discovery and ignoring the Court order and clear instructions to immediately produce supplemental and amended response without objection (SD Decl., ¶ 24).

### III. ARGUMENT

#### A. Sanctions are Appropriate Because There is No Substantial Justification for BMW's Abuse of the Discovery Process.

Based on the facts discussed above, Defendant has not only failed to participate in the discovery process but has acted openly and in defiance of a court order to deny Plaintiff with necessary discovery. This is precisely the type of willful abuse of the discovery process for which terminating sanctions are made available.

Federal Rule of Civil Procedure, Rule 37, provides for issues sanctions, evidentiary sanctions, or entry of default for misuse of discovery process, including a party's failure to comply with a Court issued discovery order:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. (F.R.C.P., Rule 37(a)(1)).
> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (iii) a party fails to answer an interrogatory submitted under Rule33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted-or fails to permit inspection-as requested under Rule 34. (F.R.C.P., Rule 37(a)(3)(B)(iii)-(iv)).
> If a party or a party's officer, director, or managing agent… fails to obey an order to provide or permit disco very, including an order under Rule 26(f), 35 or 37(a), the Court where the action is pending may issue

further just orders.  They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order expect an order to submit to a physical or mental examination.
> (F.R.C.P., Rule 37(b)(2)(A)(i)-(vii)).

Alternative sanctions, other than exclusion of evidence, are primarily intended to apply when party fails to disclose evidence helpful to opposing party, where exclusion of evidence would serve no purpose.  (*Southern States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 2003, 318 F.3d 592 Any sanction for failure to comply with a discovery order other than a default judgment or dismissal is intended to prompt a party to respond and does not relieve the party of the obligation to produce the documents at issue. (*Marquis Theatre Corp. v. Condado Mini Cinema,* 1988, 846 F.2d 86, rehearing denied).

Rule 37 authorizes the imposition of sanctions for discovery violations, including a party's failure to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A), (c). Allowable sanctions include prohibiting the disobedient party from introducing designated matters into evidence, striking pleadings in whole or in part, and dismissing the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(ii), (iii), (v), (d)(3). Dismissal is a "harsh sanction," and the court must consider the following factors to determine whether it is appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [other party]; (4) the public policy favoring the disposition of cases

on their merits; and (5) the availability of less drastic sanctions." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (*quoting Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (*alteration made, without brackets, by Adriana Int'l*)). Although the district court's order here did not expressly recite and individually discuss each of these "*Malone* factors," that "is not required." *Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*), 460 F.3d 1217, 1226, 1236 (9th Cir. 2006) (citation omitted). The Court need not make explicit findings on all of the factors governing dismissal. However, a finding of "willfulness, fault, or bad faith is required for dismissal to be proper." *Id*. In a similar vein, preclusion of evidence that is "tantamount to dismissal" may not be imposed where "failure to comply with discovery orders is due to circumstances beyond the disobedient party's control." *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980); *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) (same). Simple failure to comply with discovery order of court is sufficient basis to impose sanctions, and culpability of party is not relevant to whether sanctions are appropriate. (*Halas v. Consumer Services, Inc.*, 1994, 16 F.3d 161.

Based on the facts, it is clear that BMW is guilty of (1) failing to answer an interrogatory submitted under Rule 33, (2) failing to produce documents or fails to respond that inspection will be permitted-or fails to permit inspection-as requested under Rule 34, and (3) disobeying a court order to provide discovery. These discovery abuses are inexcusable and warrant the Court's imposition of the most severe sanction – a terminating sanction.

**B. The *Malone* Factors Weigh in Favor of the Entry of BMW's Default.**

Here, BMW has failed to comply with discovery obligations under Federal Rules of Civil Procedure, Rules 33, 34 and 36, for a year, not responding to properly served requests that were served on May 16, 2023. The subject discovery is critical and necessary for Plaintiff to adequately prepare this case for trial. In fact, now that discovery in this case is closed, Plaintiff would be completely hamstrung and unable

to properly prepare this case for trial without the court-ordered discovery. Furthermore, the Defendant has failed to comply with the Court's February 29, 2024, order. Based on Defendant's intransigence, there is no reason to believe that Defendant will comply with additional orders imposed by the Court. Only an entry of default is suitable to address Defendant's conduct.

The "first two *Malone* factors are typically considered together, and because they relate to docket-management issues that the district court 'is in the best position' to assess." *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1147 (9th Cir. 2024). Both factors weigh strongly in favor of granting the Motion. At this time, discovery is closed. Therefore, BMW's failure to comply with its discovery obligations from nearly a year ago impact this Court's ability to manage its docket and the public's interest in expeditious litigation. BMW's intransigence will necessarily impact both because BMW has made it impossible for the Parties to comply with the Court's scheduling Order.

Next, the Court should consider the risk of prejudice. Here, there is no risk – BMW has been treated fairly throughout this process and has been allowed every possible accommodation to comply with its discovery obligation. In fact, Plaintiff filed two separate motions to compel this discovery. The hearing on the second motion was continued numerous times to allow BMW numerous second chances to comply with discovery. It hasn't done so. In examining the third *Malone* factor— "We have generally found that failure to comply with an order to produce specific discovery materials creates a sufficient risk of prejudice to satisfy this factor." *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1147 (9th Cir. 2024) This factor is clearly met because BMW has not provided the necessary discovery materials.

The fourth *Malone* factor - "'public policy favoring disposition of cases on their merits'—the always weighs against a default judgment… However, this factor is not dispositive and a default judgment will still be warranted 'where at least four factors

support [a default judgment] or where at least three factors 'strongly' support' such a judgment." (citations omitted). *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1147 (9th Cir. 2024). Moreover, "the fourth *Malone* factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *(Id.)* Here, the fourth factor also weighs in favor of default because BMW has done nothing to move this case towards disposition on the merits. In fact, at every opportunity, BMW has obstructed the just adjudication of this case.

The last *Malone* factor concerns the "availability of less drastic sanctions." *Malone*, 833 F.2d at 130 (citation omitted). Here, BMW's actions over the past year have made clear that lesser sanctions will not suffice to coerce compliance with its litigation obligations. First, BMW failed to respond to discovery – nearly a year ago. Now that discovery in this matter has closed, BMW still has not complied with its discovery obligations. In spite of numerous second chances – as Plaintiff filed two different motions to compel and the Court continued the hearings on Plaintiff's second motion – BMW still has not complied. BMW's own actions make clear that there is no less drastic sanction now available.

It would be patently unfair and highly prejudicial to force Plaintiff to prosecute their case without access to the documents and information sought in Plaintiff's discovery requests simply because BMW will not comply with its discovery obligations, nor with this Court's Orders. Thus, all of the *Malone* factors weigh in favor of granting the Motion. No sanctions – other than an order of default is sufficient to cure BMW's noncompliance. All of the *Malone* factors weigh in favor of BMW's default.

///
///
///
///

### C. Entry of Default is Necessary due to BMW's Willful Misconduct

The sanctions sought by Plaintiff's Motion are appropriate here. Under the Federal Rules of Civil Procedure, the sanction of default is available as appropriate and integral part of discovery process and a previous directive order is not required. (See *Hall v. Leon County Bldg. Supply Co., Inc.*, 1979, 84 F.R.D. 372).

It is clear from federal case law that an entry of default is appropriate when a defendant has obstructed the plaintiff's efforts to obtain necessary discovery and has disobeyed Court orders regarding said discovery. (See *Davis v. Fendler*, 1981, 650 F.2d 1154, (Entry of default judgment when defendant failed to answer interrogatories was not abuse of discretion where sanction was imposed because of persistent unresponsiveness to both informal discovery requests and formal court orders, defendant never appeared to take seriously the orders, defendant felt that he was the "final arbiter" of validity of his claim of privilege, under Fifth Amendment, and defendant pursued a course of dilatory and evasive tactics while flouting discovery obligations as well as district judge's authority. Like the moving party in *Davis,* here, Plaintiff been deprived of necessary discovery. As held in *EBI Securities Corp., Inc. v. Hamouth*, 2004, 219 F.R.D. 642, a party disregard of court's discovery order inevitably interfered with the judicial process, as warranted entry of default judgment in plaintiff's favor as a sanction. BMW has acted accordingly here by totally ignoring its discovery obligations and the court's orders. As explained in *EBI Securities,* if a party could ignore court orders here without suffering the consequences, then the district court could not administer orderly justice, and the result would be chaos. *(Id.).*

In *T.E. Quinn Truck Lines, Ltd. v. Boyd, Weir & Sewell, Inc.*, 1981, 91 F.R.D. 176, the court held that a party failing to answer interrogatories for 15 months and substantially ignoring court's orders compelling answers would warrant awarding judgment for plaintiff. Similarly, here BMW has failed to respond to discovery for a year and operates in open defiance of the court's discovery order. (See, also: *Pauley v. United Operating Co.*, 1985, 606 F.Supp. 520, (Sanction of default judgments

PLAINTIFF'S MOTION FOR ENTRY OF DEFENDANT BMW'S DEFAULT

against defendants for discovery violations was not overly harsh where plaintiff's case was thwarted in almost every attempt to secure basic, legitimate discovery and, if defendants went unpunished, there would be unspoken endorsement of flagrant disregard for district court's orders.(; *CIA Petrolera Caribe, Inc. v. ABBA Service Center*, 1987, 116 F.R.D. 90, (Defendants' obstruction of plaintiff's attempts to obtain discovery and disobedience of magistrate's orders warranted striking defendants' pleadings and entry of default).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court enter an order striking BMW's Answer to Plaintiff's Complaint and rendering judgment by default against BMW and in favor of Plaintiff as to all remaining causes of action, and for such other and further relief as the Court deems just and proper.

Dated: May 13, 2024   **CALIFORNIA CONSUMER ATTORNEYS, P.C.**

    /s/ *Sepehr Daghighian*
Michael H. Rosenstein, Esq.
Sepehr Daghighian, Esq.
Michael William Oppenheim, Esq.
Attorneys for Plaintiff,
**HASHMATULLAH RAHMATI**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28